UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Tyrone Armstrong,                      Case No. 3:22-cv-1721

        Plaintiff,

v.                                           ORDER

Power Home Solar, LLC, et al.,

        Defendants.

Defendant Goodleap, LLC has removed this case from the Lucas County, Ohio Court of Common Pleas, asserting this court has original subject matter jurisdiction of this matter pursuant to 28 U.S.C. § 1332. (Doc. No. 1 at 1).

Section 1332 provides a district court with "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between … citizens of different States." 28 U.S.C. § 1332(a)(1). "[A] limited liability company has the citizenship of each of its members." *Delay v. Rosenthal Collins Grp., LLC*, 585 F.3d 1003, 1005 (6th Cir. 2009).

Goodleap, LLC correctly states this legal standard in its Notice of Removal. (Doc. No. 1 at 2). Goodleap, LLC also properly states its members, sub-members, and their citizenships. (*Id.* at 2-3). From the information provided, I can conclude Goodleap, LLC is a citizen of Delaware, California, and Texas. Goodleap, LLC does not provide the necessary information for me to determine the citizenship of its co-defendant, Defendant Power Home Solar, LLC.

> In the Notice of Removal, Goodleap, LLC states:
>
> 10. Defendant Power Home Solar, LLC ("PHS") is a Delaware limited liability company with its principal office at 919 N. Main Street, Moorseville, North Carolina, 28115. *See* **Exhibit B**.
>
> 11. Based upon a thorough investigation of available public information and records, each of PHS' members are citizens of Delaware. *See* **Exhibit C**.

(Doc. No. 1 at 3) (emphasis in original).

But neither Exhibit B nor Exhibit C provide the identities of Power Home Solar, LLC's members. (Doc. Nos. 1-2 & 1-3). Instead, Exhibit B identifies both Jasmine Carcieri and Steve Murphy as an "authorized signatory" of Power Home Solar, LLC, and Renewable Clean Energies LLC as "manager" of Power Home Solar, LLC. (Doc. No. 1-2 at 2). Exhibit C merely states Renewed Clean Energies, LLC is a Delaware limited liability company with a registered agent in Delaware. (Doc. No. 1-3). Therefore, even if I were to interpret Goodleap, LLC's jurisdictional allegation to mean Renewed Clean Energies, LLC is the only member of Power Home Solar, LLC, Exhibit C does not provide the requisite information about the members of Renewed Clean Energies, LLC from which I could conclude "each of PHS' members are citizens of Delaware." (Doc. No. 1 at 3).

    To determine whether complete diversity exists for purposes of diversity jurisdiction, "the court needs to know the citizenship of each member of [Power Home Solar, LLC]." *Delay*, 585 F.3d at 1005. Therefore, to maintain this action in federal court, Goodleap, LLC must supplement the Notice of Removal with an affidavit of jurisdiction. In this affidavit, Goodleap, LLC shall identify every member, sub-member, and so forth of Power Home Solar, LLC. For each, Goodleap, LLC must state sufficient jurisdictional allegations for me to determine citizenship. This affidavit shall be filed within 30 days of this Order.

    So Ordered.

                                                                 s/ Jeffrey J. Helmick
                                                                 United States District Judge