UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Tyrone Armstrong,                              Case No. 3:22-cv-1721

          Plaintiff,

     v.                                            MEMORANDUM OPINION
                                                        AND ORDER

Power Home Solar, LLC, *et al.*,

          Defendants.

## I.     INTRODUCTION

Defendant Goodleap, LLC, filed a motion to compel arbitration and to dismiss the claims against it. (Doc. No. 22). Plaintiff Tyrone Armstrong did not oppose the motion.

## II.     BACKGROUND

Armstrong sued Goodleap, Power Home Solar, LLC, Ahmad Nafisa, and ten John Does for events arising out of the sale and installation of solar panels on Armstrong's home. (*See* Doc. No. 1-1). Goodleap provided financing for the purchase of the solar panels. (*Id.* at 15). Armstrong asserted 27 causes of action against Goodleap related to its conduct: Negligence (Count 1); Gross Negligence (Count 2); Fraud/Misrepresentation (Count 3); Negligent Misrepresentation (Count 4); Failure to Perform Work in a Workmanlike Manner (Count 5); Breach of Contract (Count 6); Anticipatory Breach of Contract (Count 7); Unjust Enrichment (Count 8); Breach of Implied Covenant of Good Faith and Fair Dealing (Count 9); violations of the Ohio Consumer Sales Practice Act ("CSPA") (Count 10); Breach of Warranty (Count 11); Breach of Implied Warranty of Merchantability (Count 12); Breach of Implied Warranty of Fitness for a Particular Purpose (Count

13); Breach of Ohio Revised Code § 1302.01 *et. seq.* (Commercial Transactions—Sales) (Count 14); violations of the Ohio Deceptive Trade Practices Act ("ODTPA") (Count 15); violation of the Magnusson-Moss Warranty Act (Count 16); Promissory Estoppel (Count 17); Common Law Products Liability (Count 18); violation of the Ohio Product Liability Act (Count 19); Respondeat Superior (Count 20); Rescission (Count 21); Negligent Hiring, Supervision or Retention (Count 22); Declaratory Judgment (Count 24); Civil Conspiracy (Count 25); Civil Recovery for Criminal Act (Count 26); Specific Performance (Count 27); and Holder in Due Course (Count 28).[1]

Goodleap provided a copy of the loan agreement for the purchase of the solar panels signed by Tyrone Armstrong. (*See* Doc. No. 22-4). Section 15 of the loan agreement contains an arbitration clause. (*See id.* at 8-9). It states:

> All claims and disputes arising out of or relating to this Agreement (hereafter, "Dispute(s)") shall be resolved by binding arbitration on an individual basis. The arbitrator shall also decide any issues relating to the making, validity, enforcement, or scope of this arbitration agreement, arbitrability, defenses to arbitration including unconscionability, or the validity of the jury trial, class action or representative action waivers (collectively, "arbitrability" issues).

(*Id.* at 8). Armstrong's initials appear on the line labeled "Borrower's Initials" underneath the statement, "by placing your initials below this notice you certify that you have read and agree to Section 15 in its entirety." (*Id.* at 9). In addition, Goodleap provided an unrebutted affidavit describing the process by which the loan agreement was executed. (*See* Doc. No. 22-2).

### III. ANALYSIS

The Federal Arbitration Act provides that "[a] written provision in . . . a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction . . . shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. A party to the arbitration

---

[1] The complaint contains 28 causes of action. Count 23, captioned "Declaratory Judgment as to Defendant Power Home Solar," concerns only Defendant Power Home Solar, LLC. (*See* Doc. No. 1-1 at 46-48).

agreement may petition a federal district court for an order compelling arbitration according to the terms of the agreement. 9 U.S.C. § 4. "A motion to dismiss pursuant to an arbitration agreement should . . . be construed as a Rule 12(b)(6) motion[.]" *Knight v. Idea Buyer, LLC*, 723 F. App'x 300, 301 (6th Cir. 2018) (citing *Teamsters Local Union 480 v. United Parcel Serv., Inc.*, 748 F.3d 281, 286 (6th Cir. 2014)).

A district court "shall direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed." *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 218 (1985) (emphasis removed) (citing 9 U.S.C. §§ 3 & 4); *see also Morgan v. Sundance, Inc.*, 596 U.S. 411, 418 (2022) ("a court must hold a party to its arbitration contract just as the court would to any other kind"). This can include "the threshold question of arbitrability" itself if the parties have agreed to such a provision. *Henry Schein, Inc. v. Archer & White Sales, Inc.*, 586 U.S. 63, 65 (2019). Courts "engage in a limited review" to determine whether a dispute is arbitrable. *United Food & Commercial Workers, Local 1995 v. Kroger Co.*, 51 F.4th 197, 202 (6th Cir. 2022) (internal citation and quotation marks omitted). A dispute is arbitrable if there is "a valid agreement to arbitrate" and the claim "falls within the substantive scope of that agreement." *Id.*

Here, Armstrong "does not contest either prong." *Schotter v. Thomas Thor, LLC, Inc.*, No. 5:23-cv-1909, 2023 WL 8781381 at *2 (N.D. Ohio Dec. 19, 2023). Goodleap filed a copy of the arbitration agreement signed by Armstrong alongside an uncontested affidavit explaining how the arbitration agreement was signed. (*See* Doc. No. 22-4 at 8-9; Doc. No. 22-2 at 4-7). Based on this uncontroverted evidence, I find Armstrong entered into a valid arbitration agreement and that his claims fall within the scope of that agreement. *See Schotter*, 2023 WL 8781381 at *2.

Further, because the arbitration provision contains a clause delegating issues related to "the making, validity, enforcement, or scope of this arbitration agreement, arbitrability, defenses to arbitration including unconscionability, or the validity of the jury trial, class action or representative

3

action waivers" to the arbiter, I find those issues are properly arbitrable as well. *See Henry Schein,* 586 U.S. at 65.

Because a valid, binding arbitration agreement governs all of Armstrong's claims against Goodleap, Goodleap's motion to compel arbitration is granted. Further, because Armstrong does not oppose the dismissal of his claims against Goodleap, I grant Goodleap's motion on that score as well. *See Schotter*, 2023 WL 8781381 at *2-3.

### IV. CONCLUSION

For the reasons discussed above, I grant Goodleap's motion to compel arbitration. (Doc. No. 22). Additionally, I dismiss all of Armstrong's claims against Goodleap without prejudice.

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge
